## NIVEN *against* SPICKERMAN & STEVER.

IN ERROR, on *certiorari* to a justice's court.

This was an action of *covenant*, brought by *Spickerman* & *Stever* against the defendant below. The defendant prayed *oyer*, which was refused by the justice, who told him that he had no right to see the covenant until it was produced on the trial. The defendant then pleaded the general issue, and, after an adjournment, the cause was tried before a jury. A covenant or agreement of partnership, signed by the defendant below, to which he, and the plaintiffs below, and several other persons, were parties, to dig for a mine, for their joint benefit, was produced. By the agreement, it was stipulated, that the affairs of the company should be conducted by trustees, to be chosen by a majority of the subscribers; and it appeared that the plaintiffs below were the trustees so appointed. The defendant

In an action of covenant in a justice's court, the defendant is entitled to oyer, before he can be called on to plead.

An unincorporated company cannotsue in the name of their trustees.

Covenant does not lie on an agreement of partnership, to compel the payment of a balance due to the partnership from one of the partners.

NEW-YORK,
Oct. 1815.

NIVEN
v.
SPICKERMAN.

below had paid all his original subscription money, and the company having been engaged in digging for upwards of two years, without any success, he relinquished all that he had paid, and refused to contribute any more.

This suit was brought by the plaintiffs below, as trustees of the company, to compel the defendant to pay a balance due from him to the company, on partnership account. Judgment was given for the plaintiffs, in the court below.

*Per Curiam.* There has been an utter subversion of legal principles in this case.

The return presents ground for many objections, but it is sufficient to say, 1. That the justice committed an error in not allowing the defendant below *oyer* of the covenant declared on, before he was compelled to plead.

2. This being an unincorporated company, it cannot sue in the name of its trustees.

3. The only remedy by partners against each other, for balances due on partnership account, is by bill in equity, or action of account.

Judgment reversed.(*a*)

(*a*) In *Casey* v. *Brush*, (2 *Caines' Rep.* 293.) it was decided, that *assumpsit* will not lie by one partner against the other, for a balance of account, unless upon an express promise to pay. In *Moravia* v. *Levy, Buller,* J., held, that *assumpsit* would lie by one partner against the other, on an express promise to pay the balance of account struck between them, though the articles of copartnership contained a covenant to account at certain times. (3 *Term Rep.* 483. n. *a.*) See, also, *Hobart* v. *Howard,* 9 *Mass. Rep.* 304.