# Decisions of the Supreme Court of Missouri.

## FAYETTE DISTRICT, MAY TERM, 1829.

### RAMSAY v. BARCROFT.

To support an action of detinue, the plaintiff must have a property either general or special in the chattel; if special, it must grow out of an actual possession or be coupled with an interest therein. (Note a.)

ON APPEAL from the Cole Circuit Court.

WASH, J., delivered the opinion of the Court.

This is an action of detinue brought by Ramsay against Barcroft, to recover a negro woman slave. The declaration contains two counts. The first is a general count, the second is special. The defendant pleaded the general issue to the first count, and demurred to the second, and had his demurrer sustained. Upon the trial of the issue joined on the first count, the facts as preserved by a bill of exceptions, are substantially those set out in the second count; and appear to be, that one "Albert Boone being the owner of a certain negro woman slave, in the year 1827, delivered her into the possession of the defendant, and hired her to him for and until the 25th of Dec., 1827, and no longer—that after the expiration of the term for which the defendant had hired her, on the first day of January, 1828, whilst the slave was still in the possession of the defendant, the owner hired her to the plaintiff for and until the 25th of December, 1828, for a full, adequate and valuable consideration, to be paid by the plaintiff; that Boone notified the defendant that he had hired said slave to the plaintiff, and requested him to deliver her up to the plaintiff, who afterwards, on the 1st day of January, 1828, demanded said slave of the defendant, who refused to give her up, &c."

(152) Upon this state of facts, the defendant moved the Court to instruct the jury. " that the plaintiff had not shown such a property in the negro slave in question, as

Ramsay *v.* Barcroft.

would authorize a recovery in this action ;" which instructions were given and excepted to, and which are now assigned for error.

The counsel on both sides have discovered much ingenuity and research. The general rule of law applicable to the case is, "that the plaintiff must have a property either general or special in the chattel, and the actual possession or the right to immediate possession ;" 1 *Chit. Pl.* 151. The absolute or general property creates a constructive possession, which will support this action. Special property, growing out of actual possession variously modified, is also sufficient in most cases to maintain the action. It is also held in one case, that special property accompanied with an interest in the goods, without actual possession, will be sufficient. In the case of Fowler *v.* Down, 1 *Bos. & Pull.* 47, Eyre, C. J., says: "It is not true, that in cases of special property, the party must once have had possession, in order to maintain trover, for a factor to whom goods have been consigned, and who has never received them, may maintain such an action." The case then under consideration, was not a case of special property. This dictum, however, is recognized as law by *Chitty*, 1 vol. p. 152, and by Serjeant Williams in his notes to *Saunders*, 476, with the modification above stated ; that the special property must be accompanied by an interest in the goods. In the case of Coxe and others *v.* Harden and others, 4 *East.* 210, it is held that the endorsement of the bill of lading by the consignors to their agent, to enable him to take possession of the goods on account of the consignors, would not enable him to sue in his own name, &c. In the case of Hotchkiss, sheriff, *v.* Mc-Vicker, 12 *John. Rep.* 401, it is laid down that the special property of a carrier, bailee, or a person finding a chattel, arises alone from possession. The true law, it is believed, will be found to be this, that the special property must grow out of an actual possession, or be coupled with an interest in the chattel. As where goods are shipped or forwarded to the order and at the risk of the consignee, or are delivered to a carrier, bailee, &c., to be delivered to a third person. In the case of Hotchkiss *v.* McVicker, above referred to in 12 *John.*, the consideration whether the person claiming to sue by virtue of special property, be answerable over, is held to be a " decisive criterion of the right to sue." The doctrine in *Bac.* vol. 5, p. 260, and the cases there given, go to establish this criterion.

(153) In the case at bar, it cannot be contended that Ramsay was liable to Boone for the property in the slave, or can be held to pay the price contracted to be paid for her services ; hiring is a species of bailment, the rights and liabilities of which flow from possession.

The judgment of the Circuit Court upon the demurrer to the second count, and in giving the instructions prayed for, was, therefore correct, and is affirmed, with ocsts.

(*a.*)   See Chouteau and Keizer *v.* Hope, 7 Mo. R., p. 428.