Judgment for the defendants.

SAME TERM.    *Before the same Justices.*

PATTISON and others, survivors, &c. *vs.* BLANCHARD.

The plaintiffs made an agreement with the defendant, whereby, in consideration that they, among other things, agreed to relinquish and surrender to the defendant that part of the mail route No. 933, between Saratoga Springs and Griswold's, and to run to and from and in connection with the defendant, their stages on said route; to deliver to the defendant's teams at G.'s all passengers transported by the plaintiffs, and to receive at G.'s all passengers brought there by the defendant's teams, and that the defendant might receipt, at Saratoga Springs, all the fare received from passengers; that the plaintiffs would keep a sufficient number of teams at G.'s to transport all passengers delivered there by the defendant, and that they would not interfere with travel on the defendant's road, &c. the defendant agreed to run that part of the road from Saratoga Springs to G.'s, in a good and sufficient manner to carry all the passengers, &c. and to deliver them to the teams of the plaintiffs at G.'s; that he would at all times have a sufficient number of teams and coaches at G.'s to receive all the passengers delivered there by the plaintiffs; *that he would receive, for his portion of the fare received from the passengers in proportion to the distance said passengers should be conveyed by each party;* that he would regularly settle up all accounts correctly between the parties monthly, and if any balance should remain in his hands, due to the plaintiffs. that he would pay the same to them forthwith.    In an action of assumpsit, by the plaintiffs, against the defendant, to recover the amount belonging to the plaintiffs, for the fares received by him from passengers, under this agreement, and which he had neglected and refused to pay over to them, the declaration not alledging that any balance was ever struck, between the parties, or that the defendant, since the making of the agreement, had promised to pay any balance;

*Held,* on demurrer, that with respect to the division of the passage money, the parties were *partners,* as among themselves; and that the action would not lie.

One partner can not maintain assumpsit against his copartner, except upon a balance struck between them, and a promise to pay it.

THIS was a demurrer to the first count of the plaintiffs' declaration. The count stated, in substance, that on the 25th of April, 1844, the plaintiffs doing business by the style of the northern transportation company, at Troy, made an agreement with the defendant, whereby, in consideration that the plaintiffs, among other things, agreed to relinquish and surrender unto the defendant that part of the mail route number 933, between Saratoga Springs and Griswold's, a public house on said route, about five miles from Sandy Hill, and to run to and from and in connection with the said defendant, their stages on said route, to deliver to the said defendant's teams, at Griswold's aforesaid, all passengers passing on said road, transported by the said plaintiffs, and to receive at the same place, (to wit, at Griswold's,) all passengers brought there by the teams of the said defendant, and that the said defendant might receipt at Saratoga all the fare received from passengers wishing to pass over said road, and that the plaintiffs would keep a sufficient number of teams, at Griswold's, to transport all passengers delivered there by the defendant, and that they would not interfere with travel on said defendant's road, and would keep a sufficient number of teams and coaches to transport all passengers from Whitehall wishing to go by Saratoga, he, the defendant, agreed to and with the said plaintiffs, to run that part of the said road above mentioned, to wit, from Saratoga Springs to Griswold's, aforesaid, in a good and sufficient manner to carry all the travel that might wish to pass on said road; that he would at all times have a sufficient number of teams and coaches at Saratoga, to carry all passengers that might wish to go to Glen's Falls, Sandy Hill, or Whitehall, or to any intermediate place, and deliver such passengers to the teams of the said plaintiffs at Griswold's aforesaid, within a suitable and reasonable time from the departure of the same from Saratoga, and that he would at all times have a sufficient number of teams and

coaches at Griswold's to receive all the passengers and baggage that might be delivered there by the said plaintiffs, or their teams, *that he would receive for his portion of the fare received for said passengers and their baggage, in proportion to the distance said passengers should be conveyed by each party, to wit, by the said plaintiffs, and the said defendant.* That he, the said defendant, would regularly settle up all accounts correctly from the running of said roads, between the parties monthly, and if any balance should remain in his, the said defendant's, hands, due to the said plaintiffs, that he the said defendant would forthwith pay the same over in cash, and although afterwards, to wit, on the 25th day of October, one thousand eight hundred and forty-four, at the place aforesaid, the defendant had before that time received fare from passengers, before that time, passing on the said road, to wit, from Saratoga Springs to Glen's Falls, Sandy Hill, Whitehall, and to the intermediate places, to a large amount, to wit. to the amount of $1000, and although the plaintiffs had in all things performed, fulfilled and kept the agreement with said defendant, on their part to be performed, fulfilled and kept, yet the said defendant, not regarding his said promise, &c. but contriving, &c. hath not, although he was afterwards, to wit, at Troy, &c. requested by the said plaintiffs so to do, as yet paid over the balance or sum of money remaining in his hands, belonging to the said plaintiffs, for the fares so received by him, but hath hitherto wholly neglected and refused, and still doth neglect and refuse, to the damage of the plaintiffs of one thousand dollars.

The defendant demurred to the above count, and assigned for cause, *first*, that the contract set forth in the count was a contract for a partnership between the defendant and the plaintiffs. Second. That the damage claimed by the said plaintiffs in said first count appeared to have arisen out of a partnership between the parties, of which this court can not take cognizance in this form of action. Third. That the matters set forth in said count related to copartnership concerns, &c. The plaintiffs joined in demurrer.

*W. A. Beach,* for the defendant.

*H. P. Hunt,* for the plaintiffs.

*By the Court,* WILLARD, J.  The contract set forth in the first count of the declaration, creates a partnership between the respective parties, with respect to the fare received by either of them for passengers and their baggage, on the route from Saratoga Springs, by the way of Griswold's, to Glen's Falls, Sandy Hill, Whitehall, and the intermediate places.  The rule of apportionment agreed upon by the parties, was according to the distance which the several passengers should be carried by the respective parties.  This mode of dividing the profits constitutes that community of interest, which characterizes a partnership between individuals, and entitles either of them to an account. This case is in principle exactly like *Fromont* v. *Coupland,* (2 *Bing.* 170.)  There, the plaintiff and defendant had been engaged in running a coach from Bath to London.  The plaintiff found the horses for one part of the road, and the defendant for another ; and the profits of each party were calculated according to the number of miles covered by his own horses : *the plaintiff received the fares and rendered an account thereof to the defendant every week.*  It was held that the plaintiff and defendant were partners in the concern, and that in an action by the plaintiff against the defendant upon a separate transaction, the defendant could not set off a balance which had been declared in his favor upon these weekly accounts.  It did not appear that any final account had been stated, or that the plaintiff had made any promise to pay the balance in question.  The case of *Fromont* v. *Coupland* is in some respects different from this.  The question in that case arose upon the trial, and upon a set-off, and this upon a demurrer.  But the defendant would have been entitled to set off the balance, if he could have maintained an action at law for it.  In that case too, the weekly balances had been rendered by the plaintiff to the defendant. In this case no balances were ever struck, either of the monthly accounts which were to be rendered, or of the final account.  In

that case, although the account had been rendered from week to week, yet as no final balance was struck, it was observed by Park, J. that "it is a final balance alone that can be allowed as a set-off, and that only when there has been a promise to pay it." The case of *Foster* v. *Allanson,* (2 *D. & E.* 479,) and *Moravia* v. *Levy,* (*Id.* 283, *n.*) are in point to show that one partner can not maintain assumpsit against his copartner, unless upon a balance struck and a promise to pay; both of which cases are recognized as sound law in *Fromont* v. *Coupland,* (*supra*;) *Casey* v. *Brush,* (2 *N. Y. Term Rep.* 293;) and *Nivern* v. *Spickerman,* (12 *John.* 401, 402, *n.*) And the doctrine itself is repeated in *Halsted* v. *Schmelzel,* (17 *John.* 80,) and *Murray* v. *Bogert,* 14 *Id.* 318.)

To what extent the parties were partners, as to the public, the present action does not lead us to inquire. Those who wish to see how far this contract rendered the parties jointly liable to third persons for injuries done by their servants or by either of the partners, will find the subject fully discussed and correctly adjudged in the well considered case of *Champion* v. *Bostwick,* (11 *Wend.* 571;) and *S. C. in error,* (18 *Id.* 175.) It is not pretended that the partnership between the parties was general. Indeed, with respect to most of their transactions, such as purchasing horses, carriages, employing drivers, and defraying the expenses of their respective teams, and the like, they incur no joint liability, and each is answerable only for his own acts. But as regards the public, for an injury occasioned by the acts or omissions of either of the parties, or their servants, it is well settled that they are partners. And with respect to the division of the passage money, they are clearly partners as among themselves.

There is no averment that any balance was ever struck between the parties, or that the defendant, since the partnership, promised to pay any balance. Even in *Wetmore* v. *Baker,* (9 *John.* 307,) there was a balance struck by the mutual agreement of the parties. And in that case the court held that the law *implied* a promise to pay, and allowed the plaintiff to recover in an action of assumpsit. The language of the court in

this case is not warranted either by prior or subsequent adjudications. (*See* 2 *N. Y. T. R.* 293 ; 12 *John.* 401, 2 ; 14 *Id.* 318 ; 17 *Id.* 80.) The case itself, however, seems to have been correctly decided, because it in truth appears that one of each of the partners forming the stage copartnership was present at the time the balance was struck, and one of the defendants remarked that " he expected to have to pay it." Here was abundant evidence for the jury to find an express promise to pay, and therefore the court need not have rested it upon the ground on which it seems to have been placed. Chancellor Walworth, in adverting to it, in *Champion* v. *Bostwick*, (18 *Wend.* 182, 183,) while he approves of the decision, places the liability of the defendants upon the ground that one of the partners in each of the firms forming the stage copartnership was present when the account was stated, and agreed to it.

We think the defendant is entitled to judgment on the demurrer, with leave for the plaintiffs to amend on payment of costs.

Judgment for the defendant.

SAME TERM.     *Before the same Justices.*