HEARD APRIL TERM, 1875.

SULLIVAN *vs.* HELLAMS.

The payee of a sealed note cannot maintain an action thereon where he sues for the use of another. Only the real party in interest could maintain the action.

BEFORE COOKE, J., AT GREENVILLE, JANUARY TERM, 1875.

This was an action by "G. W. Sullivan for the use of Hewlett Sullivan, holder, plaintiff, against William Hellams, defendant," as the summons and complaint were entitled.

The action was upon a sealed note payable to G. W. Sullivan, the plaintiff, and he alleged in the complaint that the action was brought for the use of Hewlett Sullivan.

The defendant demurred on the ground " that the plaintiff has not legal capacity to sue, since it appears by the complaint that Hewlett Sullivan is the real party in interest."

His Honor overruled the demurrer, and the defendant appealed.

*Earle & Blythe*, for appellant.

*Sullivan & Stokes*, contra.

June 3, 1875. The opinion of the Court was delivered by

WRIGHT, A. J. The Code was adopted March 1, 1870. This action was commenced by filing a complaint on the 22d day of November, 1871; therefore it was commenced after the adoption of the Code, and should have been brought as declared by Section 134, which is as follows: "Every action must be presented in the name of the real parties in interest, except as otherwise provided for in Section 136," &c. The portion referred to of Section 136 is as follows: "An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with the person for whose benefit the action is prosecuted."

The respondent in this action sued for the use of another, and does not occupy, in this case, any of the positions within the exceptions as made by Section 136 of the Code.

He not being "the real party in interest, neither executor nor administrator, a trustee of an express trust, nor a person expressly authorized by statute" to sue in his own name for the use of Hewlett Sullivan, had no authority of law to bring the action as he did.

Such an action would have been maintained before the adoption of the Code, under the Act of 1798, commonly called the Statute of Ann, but that statute was repealed by the Code—the Code having been continued of force since its adoption. The demurrer should have been sustained.—*Cummings* vs. *Morris*, 25 N. Y., 625; *Thompson* vs. *Railroad Company*, 6 Wallace's R., 134.

The motion is granted.

*Moses*, C. J., and *Willard*, A. J., concurred.