Per Curiam.
The theory of the action is that the defendants conspired together to defraud the plaintiff. That Call played the initial part of drawing the plaintiff in, and that Webb, by misrepresentations, in furtherance of the scheme finally succeeded in accomplishing the common design. The jury have found on all the issues in favor of the plaintiff. The case involving, as it does, the element of fraudulent combination in which the motives .and aims of the actors are to be considered and their intention ascertained in the light of their acts, was eminently one for the jury. In fact, this was conceded, for neither party asked for the direction of a verdict, and on the close of the case, neither defendant asked for a dismissal of the complaint, tacitly admitting that at that stage of the proceedings enough had appeared to warrant the trial judge in submitting the conflicting proofs and theories to the jury for determination. The case was fairly submitted to them, and no fault was found or exceptions taken by either party to the charge delivered by the learned trial judge.
We have examined the exceptions, and have failed to discover any abuse of power or discretion in admitting or excluding evidence. The only other exceptions worthy of *530 notice are those at fols. 33 and 289. At fol. 33, the defendant Call asked to dismiss the complaint because there was no cause of action alleged in the complaint against him. True, the complaint particularizes acts against Webb, and he is weak in specific charges against Call, but it certainly charges him in a general way as a co-conspirator of Webb, so that what is alleged against Webb is legally imputable-to Call as well, the acts of each being links in the chain which connects both. “ The correct rule seems to be,” says Archibald’s Crim. Pr. and Pleadings (vol, 2, p. 1, 835, Pomeroy’s Notes), that, in a charge for a conspiracy, if the act to be done is in itself illegal, the indictment need not set out the means by which it was to be accomplished. ”
If persons illegally concur in doing an act, they may be guilty of a conspiracy, though they were not previously acquainted with each other. People v. Mather, 4 Wend., 229.
In the present case the alleged conspirators were partners in business together. If an individual connect him self with others in a conspiracy to defraud, or for any other-purpose, it is no answer to say that the plan was concocted before he became an associate. By connecting himself with them and aiding in the execution of their plan, he adopts their prior acts and declarations so far as they constitute a part of the res gestee. Den v. Johnson, 3 Har., 87; Collins v. Com., 3 Serg. & R., 220. Anything done by either in the execution of the common purpose is done by all. If these general principles are correctly stated, the complaint, while open to a motion to make it more definite, is hardly demurrable on its face. These observations dispose of the exception at folio 33.
The exception at folio 289 presents the claim that by the agreement printed at folio 100 of the casé, the plaintiff ceased to be the real party in interest. This claim is without warrant. The instrument referred to merely authorizes the payment to one Weidmeyer of the proceeds of the recovery. Weidmeyer’s claim attaches when the proceeds are collécted by means of this litigation, not before. See Cummings v. Morris, 25 N. Y., 625; Allen v. Brown, 44 id., 231. While we might on the evidence have decided the issue differently, it does not necessarily follow that the jury decided improperly, or that their verdict is wrong and that a new trial should be had. They weighed the evidence and the inferences deducible from it, and there being no legal error, their verdict should be allowed to stand.
For these reasons the judgment and order appealed from must be affirmed, with costs.