FAIRCHILD HILLER CORPORATION, Respondent, v. McDONNELL DOUGLAS CORPORATION, Appellant.— In an action by the assignee of a claim, defendant appeals from an order of the Supreme Court, Suffolk County, entered December 10, 1969, which (1) denied its motion for summary judgment dismissing the complaint and (2) granted plaintiff's cross motion to dismiss the eleventh, twelfth and thirteenth affirmative defenses raised in defendant's second amended answer. Order modified, on the law and the facts, by striking therefrom the second decretal paragraph, which granted plaintiff's cross motion, and substituting therefor a decretal paragraph denying the motion. As so modified, order affirmed, without costs. We are of the opinion that questions of fact exist as to the three affirmative defenses which cannot be resolved without a trial. Hopkins, Martuscello and Brennan, JJ., concur; Christ, P. J., dissents and votes to affirm the order in its entirety, with the following memorandum, in which Munder, J., concurs: In my opinion, the three affirmative defenses in the answer were properly dismissed. It is clear from the record that the Republic claim against McDonnell was an asset taken over in a general acquisition; that Fairchild assumed the obligations created by the same contracts out of which the claim arose; that a direct assignment of the claim was made by Republic to Fairchild because the Farmingdale Company lacked the technical personnel and expertise to press the claim and wanted not the claim itself but a share in the proceeds; that Fairchild was interested in control of the claim for its own business purposes in dealing with its customer, McDonnell; that no suit was brought on the claim for almost two years after it had been acquired; and that no convincing motivation was offered by McDonnell for creation of a sham assignment. Under these circumstances, the conclusion is inescapable that Fairchild took an assignment of the claim for a legitimate business purpose — to induce Farmingdale to take part in the acquisition — and any intent to sue on the claim was merely incidental and contingent (cf. Sprung v. Jaffe, 3 N Y 2d 539, 543; Moses v. McDivitt, 88 N. Y. 62, 65). This assignment was not within the reach of section 489 of the Judiciary Law. The assignment from Republic to Fairchild was absolute on its face. Fairchild undoubtedly had legal title to the claim. Where that title is present, the assignee is the real party in interest and the consideration paid, or the purpose of the assignment, or the use to be made of the proceeds is immaterial (Spencer v. Standard Chem. & Metals Corp., 237 N. Y. 479, 480–481; Sheridan v. Mayor, 68 N. Y. 30, 31–32; Allen v. Brown, 44 N. Y. 228; Cummings v. Morris, 25 N. Y. 625). Farmingdale, with no legal interest in the claim itself, must rely on the separate and distinct sharing agreement between it and Fairchild and, therefore, is not a necessary party to this action (cf. Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 401). The extensive pre-trial discovery already conducted in this action, along with discovery proceedings in a prior related action, has produced a record sufficiently complete to justify dismissal of these defenses at this time (cf. Terranova v. Emil, 20 N Y 2d 493, 497).