ADAMS EXPRESS COMPANY, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 24, 1907.

1. **TRIAL PRACTICE: Incompetent Evidence: Instruction.** When incompetent evidence has been admitted against the objection of one of the parties, it is the universal practice for that party to ask that it be stricken from the case, and if he fails to do so, he has no cause of complaint; and the admission of a certain ordinance, though incompetent, is held harmless error for the above reason, and for the further reason that the case did not go to the jury on the theory supported by the ordinance.

2. **JOINT STOCK COMPANY: Partnership: Action.** The Adams Express Company, being a joint stock company with many share holders, can neither maintain a suit in its own name nor yet in the name of its officers as trustees.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

REVERSED.

*John H. Lucas, Frank G. Johnson* and *Ben F. White* for appellant.

(1) The court erred in the admission in evidence of Ordinance No. 918 of Kansas City, Missouri. It was a question of law for the court as to which of the two ordinances was in force. Ruschenberg v. Railroad, 161 Mo. 70. Whether or not an ordinance is "reasonable" is a question of law. Neier v. Railway, 12 Mo. App. 25; White v. Railway, 44 Mo. App. 540; Zumault v.

Railway, 71 Mo. App. 670.   (2)   The court erred in overruling defendant's demurrer to the evidence at the close of the testimony in the case.   Plaintiffs had totally failed to prove the ownership of the property in the capacity alleged in the petition, and by which they were bound.   This was a necessary averment, and was necessary to be proved.

*Scarritt, Scarritt & Jones* for respondent.

(1)   The trial court did not err in overruling defendant's objection to the introduction in evidence of Ordinance No. 918 relating to the speed of street cars within the city limits.   (2)   There is no merit in appellant's contention that this case should not have gone to the jury because of the want of evidence of the plaintiffs' ownership of the property or right under the evidence to maintain the suit.   Storage & Moving Company v. Transit Company, — Mo. App. ——; Railway v. Railroad, 78 Mo. App. 259; Scribner v. Smith, 104 Mo. App. 542.

BROADDUS, P. J.—The plaintiffs, as president and trustees of the Adams Express Company, a joint-stock association, sue to recover damages alleged to have been caused by the defendant in negligently running one of its cars against a wagon and team of plaintiffs and injuring them.   There was a verdict for six hundred dollars, which was reduced by a voluntary remittitur to five hundred and sixty dollars, for which judgment was rendered.   The defendant appealed.   The grounds alleged for recovery were: first, that defendant at the time was exceeding the speed limit provided by ordinance in the operation of its cars; second, that it was guilty of negligence in operating the car in question, which was the cause of the injury.

The petition alleges, "Plaintiffs for cause of action state that the Adams Express Company is a joint-stock association organized many years ago in the State of

New York and under the laws of said State where its principal place of business is and always has been located; that said company is composed of more than three thousand (3,000) members who are too numerous to be joined as parties hereto; that Levi C. Weir is the president of the said Adams Express Company and he together with W. H. Damsel and Charles Steele are the trustees thereof and are vested with the title of all the property of the said association and are authorized by the articles of association of said company to institute and prosecute suits in their names as president and trustees of said Adams Express Company and in behalf of said company and the members thereof; that the laws of the State of New York under which said company was organized and conducts its business, authorize the president thereof to sue in his name on behalf of the company." The petition further alleges that plaintiffs were the owners of the wagon and horses and there was in the wagon certain express matter known as "Leigh's Portable Stalls;" that one of the horses was killed, of the value of two hundred dollars; that the other horse was injured, in value to the extent of one hundred and fifty dollars; that plaintiffs expended ten dollars in caring for him, and expended one hundred dollars in making repairs on the wagon, and were compelled to pay the sum of one hundred dollars for the loss and destruction of said portable stalls.

There was evidence tending to show that the horses and wagon belonged to the express company; that it was a joint-stock company; and that the plaintiff L. C. Weir was its president, and he and plaintiffs, Charles Steele and W. H. Damsel, its directors. The plaintiffs offered in evidence section 918 of the General Ordinances of Kansas City regulating the operation of street cars, limiting their speed at the locality where the injury occurred not to exceed twelve miles an hour. The defendant's counsel objected to the ordinance because

he thought it had been repealed. The objection was overruled and the ordinance admitted as evidence. After the close of plaintiffs' evidence defendant introduced a later ordinance of the city repealing the former one. The plaintiffs introduced evidence tending to prove that the defendant was guilty of negligence in operating the car in question and also evidence going to show the amount of damage sustained. At the close of all the evidence, the defendant asked the court to instruct the jury to render a verdict in its favor, which the court refused. The defendant asked no other instruction.

The defendant contends that the court committed error: first, in admitting ordinance No. 918 in evidence; and, secondly, in not instructing the jury to disregard it in making up their verdict.

As to the first objection, we do not think the admission of said ordinance was error. The court did not personally know that it had been repealed. The defendant's counsel was not certain of that fact himself. Under these circumstances, error ought not to be attributed to the court. At most, it could have been rendered harmless if proper suggestions had been made to exclude its consideration by the jury. The inquiry arises, who was at fault for it not being so excluded? We do not think it was the fault of the court for neither party asked for its exclusion. The universal practice is, when evidence has been admitted against the objection of one of the parties to the litigation, which ought not to have been admitted, for that party to ask that it be stricken from the case, and, if he fails to do so, he has no cause of complaint. In other words, he must take care of his own side of the case. After all, defendant was not injured by the evidence. The cause was not submitted to the jury on the charge that it had been guilty of negligence in running its cars in excess of the rate of speed as provided by any ordinance, but upon the charge of the negligence in the operation of its car.

The defendant raises the question that it was not shown that plaintiffs proved the ownership of the property in the manner alleged in the petition. The defendant calls attention to the allegation of the petition that the title to the property is vested in its trustees and that under the laws of the State of New York, where it was organized, the president of the company was authorized to sue in its behalf; and that it was necessary to prove these allegations which they failed to do. In reference to this matter, E. S. Jenkins, the plaintiffs' agent, after stating that plaintiff Weir was president and he and his coplaintiffs directors of the company, and that it was a joint-stock company, answered the following questions affirmatively. "Q. You may state whether or not they are owners of the property described in the petition. A. That is my understanding, yes, sir. Q. Did you buy some of it yourself? A. Yes, sir. Q. You bought it in their name, did you? A. Yes, sir."

The contention of the plaintiffs is that they are trustees of an express trust. There is no doubt but what a trustee of an express trust under certain conditions can maintain an action in his own name. [Scribner v. Smith, 104 Mo. App. 542; Nelson v. Hirsch, 102 Mo. App. 498.] The law governing ordinary partnerships differs somewhat from that governing joint-stock companies. Burdick on Partnership, p. 29, states the following: "It was natural, therefore for the law to assume that the ordinary partnership was based on mutual trust and confidence of each partner in the skill, knowledge, and integrity of every other partner." This distinction was made in In re Agriculturist Cattle Ins. Co., Baird's Case, 5 Ch. App. 725. And it is further said that: "The joint-stock company, however, has in view the aggregation of capital rather than the union of personal talents. Not only are the owners of this capital so numerous that it is impracticable for all of them to take an active part in the conduct of the com-

pany's affairs, but by mutual agreement the business management is confined to a few persons, who may or' may not be shareholders. In such circumstances, the ownership of shares may change, with the consequent withdrawal of old members and the introduction of new ones, without hazard to the owners of other shares. The personality of the ordinary number ceases to be important. It follows that these companies may provide that the withdrawal or death of a member shall not dissolve the association."

Notwithstanding the correctness of the distinction made by the authorities cited, Lindley on Partnership, p. 1083-4, asserts the rule that, in actions by and against joint-stock associations, every member thereof must be made a party, however numerous they may be. And it was so held in Williams v. The Bank of Michigan, 7 Wend. 541; McGreary v. Chandler, 58 Me. 537; and Niven v. Spickerman, 12 John. 401, are cited by the author to support his statement of the law. The first of these cases seems to be in line wth the rule as stated by the author. The latter, however, expressly decides that an unincorporated company cannot sue in the name of its trustees. The author admits, however, that the officers of a joint-stock association are its trustees, p. 1085. Shumaker's Law of Partnership states the rule to be: "Suits by or against the company must be brought by or against the individual members in their individual names." [Sec. 155, p. 459.] The author cites the authorities in support of the rule as cited by Mr. Lindley, supra.

It is true, that it is agreed that the officers of the association are its trustees and so the officers of a corporation are its trustees, but in the latter instance actions by and against such corporations must be maintained in the name of the corporation and not in the name of its officers as trustees. While a joint-stock company differs, as we have seen, in some respects from

an ordinary business partnership and resembles in some respects an entity like a corporation, yet it lacks the important element of being such, as it is not made such by the State. We have therefore come to the conclusion that the Adams Express Company, as it cannot maintain an action at law in the name of the association nor in the name of its officers as trustees, cannot recover in this action.

Reversed. All concur.