## METROPOLITAN STREET RAILWAY COMPANY, Respondent, v. ADAMS EXPRESS COMPANY, Appellant.

### Kansas City Court of Appeals, July 9, 1910.

1. **PRACTICE: Pleadings: Demurrer for Defect of Parties.** An action cannot be maintained against a joint stock association in the name of such association, because such association has no legal entity.

2. ———: ———: ———. While a misjoinder of parties or a defect of parties is ordinarily cured by verdict, and while such defect is ordinarily waived by a pleading to the merits, yet

this rule would not permit the maintenance of a suit against a defendant which has no legal entity. A proceeding against such a defendant is void *ab initio*, and its invalidity may be called to the attention of the court at any stage of the proceedings.

3. **APPELLATE PRACTICE: Dismissal of Appeal.** While it is true that as such an association has no legal entity, and therefore would not have power to prosecute an appeal, yet it is not necessary for the appellate court to dismiss such appeal. This court, despite mere technical objections, has the right, in the interest of justice, to make a definite and final disposition of a case in this court in order that the time of the parties and of the courts may not be wasted over the disposition to be made of record of a void judgment.

4. **APPELLATE PRACTICE: Sufficiency of Record.** Even though the abstract of record does not contain all of the evidence, yet where it contains enough for the appellate court to be advised authentically on the question presented on the appeal, it is entitled to consider such question.

Appeal from Jackson Circuit Court.—*Hon. William O. Thomas,* Judge.

REVERSED.

*Scarritt, Scarritt & Jones* for appellant.

*John H. Lucas, Ben F. White* and *Charles N. Sadler* for respondent.

(1)   An assignment of error in the overruling of a demurrer to plaintiff's evidence will not be considered unless the whole evidence is set out in *haec verba* in the abstract. Nash v. Brick Co., 109 Mo. App. 600; Keithley v. City of Independence, 120 Mo. App. 255; Moore v. Harmes, 123 Mo. App. 34; Plumbing Co. v. Brewing Co., 126 Mo. App. 268; Haggard v. Walker, 111 S. W. 904; Goodson v. Railroad, 23 Mo. App. 76.   (2)   A misjoinder of parties, or defect of parties, is cured by verdict. Revised Statutes 1899, sec. 672; Tennent Shoe Co. v. Birdseye, 105 Mo. App. 697; Iron Works v. Holmes, 62 Mo. App. 373; Hotel Co. v. Sauer, 65

Mo. 279; State ex rel. v. Burr, 143 Mo. 209; Bulkley v. Iron Co., 77 Mo. 105; Bank v. Davis, 105 Mo. 17; Kronski v. Railroad, 77 Mo. 366. (3) A defect of parties or misjoinder of parties, cannot be raised by motion in arrest. Garrett v. Cramer, 14 Mo. App. 401. (4) A demurrer and the objections raised thereby are waived by answering over on the overruling of the demurrer. Hudson v. Cahoon, 193 Mo. 557; Rodgers v. Fire Ins. Co., 186 Mo. 248; Grove v. Kansas City, 75 Mo. 672; Hurst v. City of Ash Grove, 96 Mo. 168; Bank v. Leyser, 116 Mo. 51; Bank v. Scalzo, 127 Mo. 164; Brannock v. Railroad, 200 Mo. 567; Glassey v. Furnace Co., 120 Mo. App. 24; Paddock v. Somes, 102 Mo. 235; Hudson v. Cahoon, 193 Mo. 557. (5) A defect of parties, or misjoinder of parties, is waived, unless raised by demurrer when such defect or misjoinder appears on the face of the petition, or by answer when they do not so appear. Revised Statutes 1899, sec. 598; Dodson v. Lomax, 113 Mo. 555; Russell v. DeFrance, 39 Mo. 506; Kellog v. Malin, 62 Mo. 429; Boland v. Ross, 120 Mo. 208; Kerr v. Bell, 44 Mo. 120; Rogers v. Tucker, 94 Mo. 346; Mueller v. Kaessman, 84 Mo. 318; Seehorn v. Hall, 130 Mo. 257; Doyle v. St. Louis Transit Co., 103 Mo. App. 19.

JOHNSON, J.—This is an action for damages brought in the circuit court of Jackson county by the Metropolitan Street Railway Company, plaintiff, against Adams Express Company, Levi C. Weir, W. H. Damsel and Charles Steele, trustees, defendants. The petition alleged "that the Adams Express Company is a joint stock association organized and existing under the laws of the State of New York; that Levi C. Weir is president and W. H. Damsel and Charles Steele are the trustees thereof." The cause of action stated is "that on the 25th day of December, 1904, at or near the Union Depot in Kansas City, Jackson county, Missouri,

one of the defendant's wagons, then and there in charge of its agents and servants, was by the negligence and carelessness of said defendant, carelessly and negligently run into one of the cars of this plaintiff, breaking and damaging said car and depriving plaintiff of the use thereof, and by reason thereof the plaintiff was damaged by the breaking and deprivation of the use thereof in the sum of two hundred and fifty-nine dollars; that said damage was occasioned solely and alone by the negligence and carelessness of the defendant's agents and servants."

The defendant Adams Express Company demurred to this petition on the grounds: "1. That said petition does not state facts sufficient to constitute a cause of action against this defendant. 2. That there is a defect of parties defendant. 3. That said petition does not state facts sufficient to constitute a joint cause of action against the defendants named therein."

The demurrer was overruled and defendants answered to the merits, but did not allege a defect of proper parties or a misjoinder. At the trial plaintiff dismissed the defendant trustees and proceeded against the express company alone. The issues of fact were submitted to a jury and a verdict was returned for plaintiff. Judgment was rendered on the verdict and defendant appealed. At the close of the evidence of plaintiff the express company demurred to the evidence "for the reason that the petition does not state any cause of action against it, for the reason that under the pleadings and proofs it is not a legal entity and not capable of being sued and for the reason that no cause of action has been proved against it."

The demurrer was overruled. We think it should have been sustained on the ground that the so-called defendant was not a legal entity and, consequently, there was no party defendant before the court. Point is made by plaintiff that the abstract of the record does not contain all of the evidence but it contains enough

for us to be advised authentically that no proof was adduced relative to the character of the organization called the Adams Express Company. The burden was on plaintiff to plead and prove (if the pleaded fact were put in issue) that the company was a legal entity. Instead of so pleading, plaintiff alleged that the company was a joint stock association, organized and existing under the laws of New York. In Adams Express Company v. Metropolitan Street Railway Co., 126 Mo. App. 471, we held that this express company being a joint stock company and not a corporation, could neither sue nor be sued as a company and that "suits by or against the company must be brought by or against the individual members in their individual names." We see no reason for receding from that decision and, applying it to the present case, must hold that the petition discloses on its face that the defendant company had no legal existence and could not sue nor be sued.

We agree with counsel for defendant that "a misjoinder of parties or a defect of parties is cured by verdict." [R. S. 1899, sec. 672.] That "a defect of parties or misjoinder of parties cannot be raised by motion in arrest." Garrett v. Cramer, 14 Mo. App. 401, that "if a defendant pleads to the merits he waives everything in the petition but two points, first, that the petition does not state facts sufficient to constitute a cause of action; second, that the court has no jurisdiction over the subject-matter of the action." Paddock v. Somes, 102 Mo. 235; Hudson v. Cahoon, 193 Mo. 557, and that "a defect of parties or misjoinder of parties is waived unless raised by demurrer when such defects or misjoinder appears on the face of the petition, or by answer when they do not so appear." [Revised Statutes 1899, secs. 598 and 602; Dodson v. Lomax, 113 Mo. 555.]

This is not a case where the defendant, though a legal person, was, for some reason, incapable of being sued in the particular action. In such cases the objection of a lack of legal capacity may be waived if not

made in the proper time and manner. But this is a case where we have no legal person before us as party defendant. A civil action can be maintained only against a legal person, *i. e.*, a natural person or an artificial or quasi-artificial person. If the fault of the petition consisted of the misnomer of a legally existing defendant, we would hold that plaintiff had a true action subject only to defendant's right to object at the threshold for misnomer. But since we have no legal entity before us, there is no one against whom lawful judgment can be rendered. The whole proceeding is void *ab initio* and its invalidity may be called to the attention of the court at any stage of the proceeding. [Vol. 30 Cyc. 21, 22, 27 and 29; Soper v. Clay City Lumber Co., 53 S. W. 267; Pickett v. Walsh, 192 Mass. 572; Steamboat Pembinaw and Owner v. Wilson, 11 Ia. 479; Barbour v. Albany Lodge, 73 Ga. 474; Mill v. Mining Co., 4 Nev. 40.]

Plaintiff plausibly insists that if the express company is not a legal entity then it had no power to prosecute an appeal and that its appeal should be dismissed. That may be true, but it does not alter the fact that a dismissal of the appeal of necessity would be placed on ground that would demonstrate that the judgment before us is void. Despite mere technical objections, common sense and the interests of justice call for a definite and final disposition of the case in this court in order that the time of the parties and of the courts may not be wasted over the disposition to be made of record of a void judgment. Accordingly the judgment is reversed. All concur.