H. R. WILLIAMS, Appellant, v. UNITED STATES EXPRESS COMPANY, Respondent.

Kansas City Court of Appeals, January 29, 1917.

1. CORPORATIONS: Joint Stock Companies: Service of Process. A business concern was sued as a corporation, and served with summons as such. Thereafter it appeared specially and averred that it was a joint stock company, and then the petition and sheriff's return were amended to show service on it as a joint stock company. *Held*, that it must be treated as a corporation having powers and privileges not possessed by individuals and partnerships, and, as such can sue and be sued, complain and defend in any court of law or equity, as a legal entity.

2. ————: ————: ————. A contrary view was expressed in Adams Express Company v. Metropolitan Street Railway Co., 126 Mo. App. 471, and Metropolitan Street Railway Co. v. Adams Express Company, 145 Mo. App. 371, but the Statutes, sections 2963, 2990 and 1760, were not considered in those cases and are therefore not followed.

3. ————: Joint Stock Companies: Service of Process. The term "corporation" includes all joint stock companies or associations having any powers and privileges not possessed by the individuals or partnerships (Section 2963, R. S. 1909).

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich*, Judge.

REVERSED AND REMANDED.

*T. A. Whitten* for appellant.

*Frank Hagerman* and *Kimbrough Stone* for respondent.

BLAND, J.—Plaintiff sued defendant in the circuit court of Jackson County, Missouri, for one hundred, forty-one and 85/100 ($141.85) dollars, and had judgment for that sum. Defendant was sued, summoned and served as a corporation. It appeared specially and averring that it is a foreign joint stock company and not a corporation, moved to quash the summons. This motion was overruled. Thereafter plaintiff had the sheriff to amend his return so as to show service on defendant as a joint stock company, and a default was noted. Subsequently plaintiff amended his petition to show the fact that the defendant is a corporation and a *joint stock company.*

After the making of both of said amendments and pending the holding of the case under advisement, defendant appeared and filed its demurrer to the petition for that, First, plaintiff's petition is insufficient; Second, defendant is not a suable legal entity; which demurrer was overruled and defendant pleading no further, judgment was rendered for plaintiff in the sum prayed for. The trial court on motion of defendant set this judgment aside and granted a new trial to it on the ground that a joint stock company cannot be sued as such. Whereupon plaintiff appealed.

Article 1, Chapter 33, of the Statute provides as follows:

"The term 'corporation' as used in this chapter shall be construed to include all joint stock companies or associations having any powers or privileges not possessed by individuals or partnerships." [Section 2963, Revised Statutes of 1909.]

The wording of this section is couched in exactly the same terms as section 11, article 12, of the Constitution of this State. The same article and chapter of the Revised Statutes provides, among other things, that "Every corporation, as such, has power . . . sec-

ond, to sue and be sued, complain and defend in any court of law or equity." [Section 2990, Revised Statutes 1909.] If in section 2990 we were to substitute the words "joint stock company" for "corporation" (as is apparently authorized by section 2963), it would read thus: "Every joint stock company, as such, has power, . . . to sue and be sued, complain and defend in any court of law or equity."

Article 4, chapter 21, of the Statutes of this State, governing the serving of summonses provides among other things that "where defendant is a corporation or *joint stock company*, (italics ours) organized under the laws of any other State or country, and having an office or doing business in this State," a summons shall be executed "by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business, . . . . and when in conformity with this subdivision, shall be deemed personal service against such corporation, and authorized the rendition of a general judgment against the defendant." [Section 1760, Revised Statutes 1909.]

In view of the provisions of section 2963, Revised Statutes 1909, it became pertinent to inquire whether a joint stock company has any powers or privileges not possessed by individuals or partnerships. That a joint stock company does enjoy such powers and privileges is well settled. [17 Am. & Eng. Enc. of Law, 638; and cases cited.]

"A joint stock company at common law was a hybrid midway between a corporation and a partnership; e. g., it had directors and officers, articles of association, a common capital divided into shares; these shares represented the interest of the members, were transferable without the consent of the other members, hence there was no *delectus personae,* and the death of a member did not dissolve the company." [State ex rel. Pearson v. Louisiana & Missouri River Rd. Co., et al., 196 Mo. l. c. 536.]

Construing together sections 2963 and 2990, of article 1, chapter 33, Revised Statutes 1909, and section 1760,

article 4, chapter 21, Revised Statutes 1909, we cannot but arrive at the conclusion that the defendant being a joint stock company and, therefore, having powers and privileges not possessed by individuals and partnerships, must be treated as a corporation for the purposes of said chapters 33 and 21, and, as such, can "sue and be sued, complain and defend in any court of law or equity" as a legal entity.

We are aware that the cases of Adams Express Company v. Metropolitan Street Railway Company, 126 Mo. App. 471, and Metropolitan Street Railway Company v. Adams Express Company, 145 Mo. App. 371, hold to the contrary, but a study of the opinions in these cases shows that the Statutes referred to herein were not considered. We, therefore, cannot follow these cases in our decision of this case.

The Legislature has apparently attempted to meet the decisions in the last two cited cases by an amendment to section 1760, of the Revised Statutes (Laws 1915, p. 225), but said amendment, having been enacted long after the trial of this suit, can have no application here.

The judgment of the court is reversed and the cause remanded with instructions that the lower court set aside its order granting a new trial, reinstate its finding and render judgment thereon for plaintiff.

All concur.