ROAD DISTRICT NO. 41, HENRY TOWNSHIP, Respondent, v. WALLIE JACKSON, Appellant.

Kansas City Court of Appeals, June 13, 1921.

1. **ACTIONS:** Legal Entity: Associations: Voluntary Associations Cannot Sue or be Sued. An unincorporated voluntary association cannot, as such, sue or be sued.

2. **ROADS AND HIGHWAYS:** Poll Tax: Evidence Held to Show Sufficient Compliance with Statute to Warrant Recovery of Poll Tax. In an action by a road district of a township to recover poll tax, evidence, *held*, to show sufficient compliance with Revised Statutes 1909, sections 11751, 11756, 11765, 11766 and section 11758, as modified by Laws 1913, p. 746, to warrant recovery of said tax.

3. ———: ———: Notice:. Defect in Warning Notice Cannot Prevent Recovery of Tax. Under section 11758, Revised Statute 1909, recovery of poll tax cannot be defeated on account of any mistake or defect in the warning notice.

4. **TENDER:** Costs: Tender Insufficient Because Made to Wrong Party, not Sufficient in Amount and Did Not Include Accrued Costs. Where defendant claimed to have made a tender of tax for benefit of plaintiff by depositing in a bank a certain sum of money to the credit of a justice of the peace, without notice to him of the alleged tender, the tender was insufficient because made to wrong party, not sufficient in amount and did not include accrued costs.

5. **ROADS AND HIGHWAYS:** Road District: Statutory Subdivision of County: Political Entity: A Road District Held to be a Political Entity by Statute and Capable of Suing and Being Sued. A road district of a township in a county, *held*, to be a statutory subdivision thereof, a political entity, made so by statute, and capable of suing and being sued.

Appeal from the Circuit Court of Bates County.—*Hon. C. A. Calvird*, Judge.

AFFIRMED.

*Homer M. Poague* for respondent.

*J. B. Journey* for appellant.

ARNOLD, J.—This suit to recover poll tax assessed against defendant for the year 1915, in the sum of $3.60, was instituted in the court of a justice of the peace by filing a plaintiff's return, as follows:

"Plaintiff's Return.

Before W. H. Johnson, J. P.

ROAD DISTRICT No. 41, HENRY TOWNSHIP, VERNON COUNTY, MISSOURI, Plaintiff, v. WALLIE JACKSON, Defendant.

"Plaintiff by her representative and supervisor, J. J. Lovell, states that she is a road district duly organized under the laws of the State of Missouri; that Wallie Jackson, the defendant, is a citizen of District No. 41, and that a poll tax of $3.60 was lawfully assessed against said defendant for the year 1915; that said defendant was duly notified to work out said poll tax or pay same in cash; that defendant failed and refused to work out said poll tax or pay the same in cash.

"Wherefore said plaintiff asks judgment for the sum of three and 60/100 dollars for her debt, together with costs of suit.

ROAD DISTRICT No. 41,
By J. J. LOVELL."

"Filed October 8, 1915."

Summons was issued thereon on December 1, 1915. A change of venue was taken from the court of W. H. Johnson, J. P., to the court of Miles Downey, J. P. of Henry township, Vernon county, Mo., and on December 8, 1915, the cause was tried in said court to a jury, resulting in a verdict for plaintiff in the sum of $3.60. Thereupon an appeal was taken to the circuit court of Vernon county, December 20, 1915.

The answer of defendant filed in the circuit court alleges (1) that plaintiff is neither an individual nor a corporation, has no legal entity and is not entitled to maintain this suit; (2) that prior to the institution of this suit defendant elected to pay said poll tax in work and labor, and was refused the privilege of working it

out, and that he deposited the amount of said tax in the Stotesbury State Bank to the credit of and for the benefit of plaintiff; (3) denies each and every other allegation contained in plaintiff's petition.

The cause was continued from term to term until February 15, 1919, when a change of venue was taken to the circuit court of Bates county, Mo., where the cause was tried to the court without the aid of a jury and on June 16, 1920, the court found for plaintiff in the sum sued for. Defendant appeals.

The testimony shows that Vernon county had been operating under the township organization law since 1900; and at the regular meeting of the township board of Henry county in April, 1909, by authority of section 10321, Revised Statutes 1899, as amended by Session Laws 1903, p. 272, said township was divided into three road districts, and that part of said township in which defendant resided in 1914 and 1915 was designated as Road District No. 41. Prior to the regular April, 1915, meeting, of the township board, the road overseer filed with the township clerk a list of poll tax payers of which defendant was one. At said meeting of the board a poll tax of $3.60 was levied against each name upon the said list for the year 1915. From said list the township clerk made up a list of poll tax payers so required to pay, of which defendant was one, and delivered said list to the road overseer.

The testimony further shows that on August 31, 1915, the road overseer served a warning notice on defendant to appear the next day for work on a road in said district about a half mile from the farm owned by defendant, or to pay his poll tax in cash. That defendant refused to work in obedience to the notice and refused to pay the amount in cash, saying that he preferred to work near his home, so that he would receive the benefit of his labor.

Defendant first complains that the Road District is neither an individual nor a public, private or municipal

corporation, and therefore cannot sue, and cites numerous decisions including Express Company v. Railway Company, 126 Mo. App. 471. In that case the court held that an unincorporated company cannot sue in the name of its trustees; that a trustee of an express trust can sue only in his own name.

In Pickettt v. Walsh (Mass.), 78 N. E. 753, it is held that an unincorporated labor union cannot be made party to a suit, as such. Nelson v. Railway Relief Department, 60 S. E. 724, holds that an unincorporated voluntary association cannot, as such, sue or be sued. Also in Knox v. Greenfield's Est., 66 S. E. 805, the same ruling is upheld to the effect that an estate so designated and unincorporated is not a real party defendant. In Buck Stove & Range Co. v. Vickers, 80 Kans. 29, the court held that the corporation having been dissolved cannot maintain a suit.

We conclude that these holdings are based on sound law, but do not apply to the case at bar. It remains for us to determine whether or not the Legislature delegated to the township board the power to farm road districts, as township subdivisions, with power to sue for poll tax. Section 11756, Revised Statutes 1909 (Session Laws 1913, p. 748), is as follows:

"It shall be the duty of the road overseer to keep the roads in his district in as good repair as the funds at his command will permit. He shall keep a full and correct record of all moneys received and disbursed, and also shall keep an inventory of all tools, machinery and other property belonging to the district. It shall be the duty of each overseer, during the month of March, to prepare a list alphabetically arranged, of all able-bodied male citizens of his district between the ages of twenty-one and fifty years who reside in his district, and he shall file said list with the township clerk of his township on or before the first day of April following, and the board of directors shall not approve the final settlement of any overseer nor pay to him any money that may be

owing to him upon such settlement, on account of services or otherwise, nor allow him any credit therefor, until said list shall have been prepared and filed by such overseer in accordance herewith.'' [Laws 1909, p. 870.]

There is no contention on the part of defendant that Vernon county was not legally organized into townships, and that the townships were not legally divided into road districts. It is contended, however, that the assessment in question was not made as the statute directs, and it is to that point we shall direct our attention.

Section 11751, Revised Statutes 1909, provides that the township board shall divide the township into convenient road districts, and appoint a road overseer. This was done in the instant case. Section 11756 defines the duties of road overseer, including the preparation by him of a list alphabetically arranged of able-bodied males in his district between the ages of 21 and 50, and directs the filing of the same with the township clerk. This, also, is shown to have been done in the case at bar. Section 11757 directs the township clerk in the preparation of a copy of the list directed in section 11756, and directs that the same shall be furnished to the road overseer.

Section 11758 directs the levy of the poll tax at the regular April meeting in each year, in a sum not less than $3 and not more than $6 on each individual, and specifies that persons subject to such poll tax shall have the right, in their option, to pay the same in money or labor within their respective road districts.

The sections following the one last named specify the forms of notices and receipts, the manner in which such poll taxpayers shall be warned and the disposition of the funds. Also where and when the men shall be worked, defining exemptions, and that the roads shall be worked whenever necessary.

Section 11765 directs the road overseer to file a list of delinquents, as declared by the act, before a justice of the peace of the county for suit not later than the 10th day of October each year, in the name of the road dis-

trict; and section 11766 directs that the prosecuting attorney, or his deputies, shall appear in said suit, in behalf of the road district.

The testimony in this case tends to show that all the necessary things required to be done, under the sections above enumerated, were done in this case.

Defendant further complains that no properly certified tax bill ever was filed herein. The trial court held contra and, as the record shows, correctly so, and we shall not disturb that finding.

Defendant's contention that there were defects in the warning notice in this case, in that it was not served in due time, is met by the provisions of section 11758, Revised Statutes 1909, which specifically provide "that no poll taxpayer shall be exempt from the payment of the poll tax or any part of the same assessed against him on account of any mistake or defect in the warning notice served upon him."

Defendant further claims a tender, but the testimony tends to show that no sufficient tender was made, because such tender did not include the amount of the accrued costs. [Sec. 7453, Rev. Stat. 1909.] The deposit in the bank of $3.50 to the credit of the justice of the peace, without notice to him, was not a good tender because tendered to the wrong party and not in sufficient amount.

We hold that the plaintiff in this case is a statutory subdivision of the county of Vernon and township of Henry, a political entity, made so by statute duly enacted, and that it is capable of suing and being sued.

Plaintiff's motion to dismiss the appeal because of the failure of defendant to file an abstract of record within the time specified in Rule 15 of this court needs not now be considered. There is no reversible error shown by the record, the judgment is for the right party and should be affirmed. It is so ordered. All concur.