NEWTON COUNTY FARMERS & FRUIT-GROWERS EXCHANGE, Appellant,
    v. KANSAS CITY SOUTHERN RAILWAY COMPANY.—31 S. W. (2d)
    803.

Division One, October 14, 1930.

*Leo H. Johnson* and *J. A. Sturgis* for appellant.

*Cyrus Crane, Hugh E. Martin* and *Mercer Arnold* for respondent.

RAGLAND, J.—The original appeal in this case was to the Springfield Court of Appeals. That court deeming its decision in conflict with that of the St. Louis Court of Appeals in Bruns v. Milk Wagon Drivers Union. 242 S. W. 419, certified the cause to this court in accordance with the provisions of Section 6, Article VI, of the Constitution. The decision of the Springfield Court of Appeals is reported in 2 S. W. (2d) 125. We adopt that court's statement of the case and its opinion, in part, as follows:

"This is an action to recover damages to a car of strawberries alleged to have been caused by failing to properly ice. The cause was filed in McDonald County, but the venue was changed to Jasper County. Defendant filed a demurrer to plaintiff's petition. The demurrer was sustained, and plaintiff appealed.

"The demurrer alleged that the petition did not state facts sufficient to constitute a cause of action, and also challenged plaintiff's legal capacity to sue. The question of plaintiff's legal capacity to sue is the only question we deem necessary to consider.

"So far as material to the question presented, plaintiff's petition alleged:

"'Plaintiff, in this its amended petition, states that it is a voluntary association or organization, existing under the laws of the State of Missouri, and capable of suing or being sued the same as a corporation; that although not incorporated, it possesses rights other and

different from individuals, co-partnerships, and joint-stock companies; that its members are fruit farmers associated together for the purpose of marketing their products under the name of the Newton County Farmers' & Fruit Growers' Exchange, each member thereof sharing in the proceeds received from the sale of such products, less expenses, proportionately compared with their part of the products sold, with rights to withdraw from' membership at any time, and without joint liability for or on account of losses sustained, also without dissolution on account of withdrawal, death or insolvency of any member or members, and without assignable shares of stock therein.'

"According to the petition, plaintiff is a voluntary, unincorporated association. It will be observed that the petition alleges that plaintiff, although not incorporated, possesses rights other and different from individuals, co-partnerships, and joint-stock companies, and that it is capable of suing or being sued the same as a corporation. These allegations as to the rights that plaintiff possesses and as to its capacity to sue are mere conclusions and will not be considered as admitted by the demurrer. [State ex rel. Rabiste v. Southern, 300 Mo. 417, 254 S. W. 166.] The question of the legal capacity of voluntary, unincorporated associations to sue, in the absence of specific statutory authority, has long been a vexing and troublesome point to the bench and bar. The question has often been presented, but in some instances it has passed without specific ruling. [See Aurora Fruit Growers' Assn. v. St. Louis-San Francisco Ry. Co. (Mo. App.), 297 S. W. 440.]

"An unincorporated association has no legal entity distinct from its members and cannot at common law maintain an action in its own name. [5 C. J. 1365; 30 Cyc. 99; 19 R. C. L. 1317; State ex rel. Hadley v. Kansas City Live Stock Exchange et al., 211 Mo. 181, 109 S. W. 675, 124 Am. St. 776; State ex rel. Great American Home Savings Inst. v. Lee, 288 Mo. 679, l. c. 703, 233 S. W. 20; Bruns v. Milk Wagon Drivers' Union (Mo. App.), 242 S. W. 419; Road District v. Jackson, 208 Mo. App. 194, 231 S. W. 1043; O'Rourke v. Kelly The Printer Corporation, 156 Mo. App. 91, 135 S. W. 1011; Adams Express Co. v. Met. St. Ry. Co., 126 Mo. App. 471, 103 S. W. 583; Met. St. Ry. Co. v. Adams Express Co., 145 Mo. App. 371, 131 S. W. 101; Williams v. U. S. Express Co., 195 Mo. App. 362, 191 S. W. 1087; Brown v. Protestant Episcopal Church .(D. C.), 8 Fed. (2d) 149; Great Southern Fire Proof Hotel Co. v. Jones, 177 U. S. 449, 20 Sup. Ct. 690, 44 L. Ed. 842.]

"That the general rule is that a voluntary or unincorporated association cannot, in the absence of statutory authority, sue or be sued as such, cannot be doubted. Many cases from many jurisdictions are cited in Corpus Juris note sustaining this general rule.

There are none to the contrary. Unless our statutory law authorizes plaintiff to sue in its adopted name, then it cannot maintain this cause.''

The statutory provisions invoked by appellant as conferring upon it power to sue are found in Sections 9749, 9722 and 1186, Revised Statutes 1919. Sections 9749 and 9722 are found in Chapter 90, which deals with private corporations: the first invests corporations with the power ''to sue and be sued;'' the second declares that ''the term 'corporation' as used in this chapter, shall be construed to include all joint stock companies or associations having any powers or privileges not possessed by individuals or partnerships.'' Section 1186 is a part of the General Code; it prescribes the manner of serving summons—the 7th division relating to the service on a ''voluntary or unincorporated association or organization.''

Under Sections 9722 and 9749, taken together, joint stock companies and associations having any powers or privileges not possessed by individuals or partnerships, as well as corporations proper, have the power to sue and be sued. [Williams v. Express Co., 195 Mo. App. 362, 191 S. W. 1087.] Appellant does not claim that it is either a corporation or a joint stock company, but it does assert that, though a voluntary association, it possesses powers and privileges not possessed by individuals or partnerships. It fails, however, to point out the source of any such powers or privileges. So far as appears, it is purely a creature of convention, organized and existing under the common law right of contract only. In the absence of a statute conferring upon it a power or privilege not possessed by individuals or partnerships, it has no such power or privilege: it cannot exalt itself by pulling on its own boot straps. [State ex rel. Home Savings Inst. Co. v. Lee, 288 Mo. 679, 703, 233 S. W. 20.] There are only two statutes of this State which profess to confer any rights or privileges upon associations engaged in the production and marketing of agricultural products; one was enacted in 1921 (Laws 1921, p. 260), and the other in 1923 (Laws 1923, p. 111); both make the incorporation of such associations an essential prerequisite to the enjoyment of the franchises which they grant. Of course appellant was not organized pursuant to the provisions of either of the acts; otherwise, it would be a corporation. It is plain that it does not have any powers or privileges not possessed by individuals or partnerships.

It was thought for a time that Subdivision 7th of Section 1186, by indirection at least, made voluntary associations suable entities, and that conversely they had the capacity to sue. But in the recent case of Mayes v. United Garment Workers, 320 Mo. 10, it was held that the amendatory act which added Subdivision 7th to the section, in so far as constitutionally valid, merely prescribed the method of

serving a writ of summons on such unincorporated associations as are suable entities, that is, those which are invested by statute with powers and privileges not possessed by individuals or partnerships.

The judgment of the circuit court is affirmed. All concur.