MANUFACTURERS' FINANCE TRUST, APPELLANT, v. C. E. COLLINS, RESPONDENT.—58 S. W. (2d) 1004.

Kansas City Court of Appeals, March 6, 1933.

*Gamble, Brown & Allen, Allan R. Browne* and *Bryan Allen* for appellant.

*J. B. McGilvray* for respondent.

CAMPBELL, C.—Action in replevin to obtain possession of an automobile. The automobile was taken under writ of replevin issued in the cause and delivered to plaintiff. The cause was tried to the court, sitting as a jury, resulting in a judgment for defendant for the value of the automobile in the sum of $400 and damages in the sum of $800.

No declarations of law were asked or given, nor were findings of fact made or requested. Hence, we must affirm the judgment if it may be sustained upon any theory.

The defendant Collins, in December, 1925, purchased the automobile here involved of the Cleveland-Chandler Motor Company in the state of Kansas for the sum of $2585 and at the time paid all of the purchase price except the sum of about $1100, for which he executed his note. In March, 1926, the defendant executed a note in the sum of $1309.20 in renewal of the former note and in payment of premium for insurance. At the time of the execution of the renewal note defendant also executed an instrument which plaintiff says was a conditional contract of sale, and which defendant says was a chattel mortgage. The instrument, so far as is necessary here to state, provides that upon default in the payment of the note last mentioned, the holder thereof was entitled to possession of the automobile. The note and contract were sold and assigned by the motor company to plaintiff in its office in Kansas City, Missouri, at which place it had maintained an office for about two years for the purpose of transacting its business which consisted mainly of buying "automobile paper." Default was made in the payment of the note, and this suit followed.

The cause was tried in part upon a stipulation in which it was recited that the plaintiff "is a common law trust" organized under a trust agreement entered into in the city of Chicago, State of Illinois, at which place it maintains its principal office and place of business, and that plaintiff has not complied with the law of Missouri relating to foreign corporations. The defendant says that plaintiff is a corporation foreign to Missouri, has not complied with the law of Missouri relating to foreign corporations and, therefore, cannot maintain this action.

Section 4526, Revised Statutes of Missouri 1929, reads: "The term 'corporation,' as used in this chapter, shall be construed to include all joint stock companies or associations having any powers or privileges not possessed by individuals or partnerships." The statute does not say that *all* associations are corporations but only those having powers or privileges not possessed by individuals or partnerships.

The trust agreement under which plaintiff was organized was executed by individuals who are designated therein as trustees and beneficiaries. The agreement covers more than thirty-three pages of the record and we deem it unnecessary to analyze it. Suffice it to say that we do not find any provision therein which purports to give to those who executed it power or privilege which is not posssessed by an individual, nor has counsel for either party called attention to any such provision. The terms of the instrument invested the trustee with extraordinary powers and the rights of the beneficiaries are narrowly restricted but such powers and rights are based *on contract*. It is settled law that parties, absent legal inhibitions, may make their own contracts but individuals agreeing *inter se* may not thereby enlarge their rights as against third persons. The individuals who executed the trust agreement could not confer upon themselves power or privilege not possessed by other individuals.

"In the absence of a statute conferring upon it a power or privilege not possessed by individuals or partnerships, it had no such power or privilege; it cannot exalt itself by pulling on its own boot straps." [Newton County Farmers and Fruit Growers Exchange v. Kansas City Southern Rwy. Company, 31 S. W. (2d) 803, 804.]

The trust agreement, which was introduced in evidence by plaintiff, provides that the trustees therein named "shall hold the legal and equitable title to and have the absolute and exclusive control of all property at any time belonging to the trust." . . . The trustees are not parties to this action. The trust, itself, was not entitled to possession of the automobile. Furthermore, the trust as such is not a legal entity and, therefore, cannot prosecute the action. [Adams Express Company v. Metropolitan Street Rwy. Co., 126 Mo. App. 471, 103 S. W. 583; Newton County Farmers and Fruit Growers

Exchange v. Kansas City Southern Rwy. Co., 31 S. W. (2d) 803, 804; Mayes v. United Garment Workers, 320 Mo. 10, 6 S. W. (2d) 333.]

Having determined that plaintiff proved that it was not entitled to recover in this action, other questions presented in the briefs need no attention. The judgment is affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.