JOSEPH J. STREIB v. INTERNATIONAL BROTHERHOOD OF BOILERMAKERS AND IRON SHIP BUILDERS AND HELPERS OF AMERICA, Appellant.— 76 S. W. (2d) 400.

Division One, November 16, 1934.

*Lawrence McDaniel, F. E. Williams* and *David F. Carson* for appellant.

*Schweitzer & Drucker* for respondent.

FERGUSON, C.—Plaintiff was a member of Local Lodge No. 27 of the International Brotherhood of Boilermakers and Iron Ship

Builders and Helpers of America, located at St. Louis. (Hereinafter referred to as the International Brotherhood.) Plaintiff also held the office of business agent for said local lodge at an annual salary of $3120. By action of the International Brotherhood plaintiff was expelled from said Local or Subordinate Lodge No. 27 and the International Brotherhood and thereby and thereafter excluded from, and deprived of, all the rights, privileges and benefits of membership in the International Brotherhood including the office and salary of business agent of Subordinate Lodge No. 27. Thereupon plaintiff brought this action seeking to recover both actual or compensatory damages and punitive damages.

Plaintiff's petition charges that the International Brotherhood, "a voluntary brotherhood and labor union" wrongfully, unlawfully and maliciously expelled and excluded him from membership therein and deprived him of the "rights, privileges and benefits" thereof "without a trial or an opportunity to be heard." The gist of the plaint, and plaintiff's evidence on the trial of the cause was directed thereto, is that in ordering, directing and causing plaintiff to be expelled from membership in the organization the International Brotherhood acted "without authority" in that the method or procedure followed did not conform to but was contrary to and in violation of the constitution and by-laws of the organization. The case was tried and submitted to the jury on that theory. Upon trial in the Circuit Court of the City of St. Louis the verdict of the jury was for plaintiff assessing "actual damages at the sum" of $10,000 and "punitive damages at the sum of" $2500. From the judgment entered for $12,500 the defendant appealed.

Appellant (the defendant), relying upon Ruggles v. International Assn. of Bridge, Structural and Ornamental Iron Workers, 331 Mo. 20, 52 S. W. (2d) 860, contends that it clearly and conclusively appears both from the evidence and the admissions by way of recitals or allegations of plaintiff's petition that the defendant labor union is not a suable entity and therefore defendant's demurrer to the evidence both at the close of plaintiff's case and at the close of all the evidence should have been sustained. Respondent (plaintiff) has not replied to this contention and has not favored us with a brief.

In the Ruggles case, the plaintiff, was a member of Local No. 18, in the city of St. Louis, a subordinate body or lodge of the International Association of Bridge, Structural and Ornamental Iron Workers. He alleged in his petition that he held the office of business agent of said local at an annual salary of $3900 and that he was wrongfully suspended and debarred by the defendant International Association from membership in that organization and thereby deprived of "his office as business agent of said Local No. 18, and of his

membership in said International Association and all the rights and privileges attending upon said membership, including his right to pursue his trade or calling as a Union iron worker, . . . old age pension and death benefits, and his office and salary as business agent of Local No. 18." He sought both actual and punitive damages. That case was ruled on a demurrer to the petition "on the ground of jurisdiction" and it was held "that the petition on its face affirmatively states facts showing that respondent (defendant) has not legal capacity to be sued."

Upon the facts stated in the petition and established by the evidence the instant case appears to be on all fours with the Ruggles case. The petition in the Ruggles case stated "that the defendant, the International Association of Bridge, Structural and Ornamental Iron Workers, is now and was at all times hereinafter mentioned, a voluntary association . . . and labor union . . . doing business in the State of Missouri, as a fraternal benefit society, having its principal office in the city of St. Louis . . . being without capital stock and organized and carried on solely for the mutual benefit of its members, and their beneficiaries, and not for profit, and having a lodge system, and ritualistic form of work and representative form of government and at all said times made provisions for the payment of benefits to its members in case of death, and provided for old age pensions, and said defendant association and organization has, and at all the times hereinafter mentioned, had more than five hundred members, and that said defendant (association and organization) at all said times possessed and now possesses powers and privileges not possessed by individuals or partnerships, and at all said times exercised and is now exercising such powers and privileges under the laws of the State of Missouri." Comparing the facts relative to the nature and characteristics of the defendant organization as stated in the petition in the instant case, and shown by the uncontroverted evidence on the part of plaintiff, with the admitted facts, supra, set out in the petition in the Ruggles case we find them to be essentially the same. The petition here states, and the constitution and by-laws of the defendant organization introduced in evidence by plaintiff, and other evidence in the case shows, that the defendant International Brotherhood is "a voluntary brotherhood and labor union . . . doing business in the State of Missouri . . . as a fraternal benefit society, having an office in the city of St. Louis . . . being without capital stock and organized and carried on solely for the mutual benefit of its members, and their beneficiaries, and not for profit and having a lodge system and ritualistic form of work and representative form of government and at all times made provisions for the payment of benefits to its members in case of death from natural causes or by accident . . . and said brotherhood and organization has,

and at all the times hereinafter mentioned, had more than five hundred members.'' The petition in the present case then states ''that the defendant at all times possessed and now possesses powers and privileges not possessed by individuals or partnerships, and at all said times exercised and is now exercising 'such powers and privileges under the laws of the State of Missouri.'' The same allegation in the petition in the Ruggles case was, on the demurrer to the petition, considered as a legal conclusion and not as an admitted allegation of fact.

Referring to Sections 4555 and 4526 of Chapter 32, Revised Statutes 1929, which deals with private corporations, we find the first invests corporations with the power ''to sue and be sued;'' the second declares that the ''term 'corporation,' as used in this chapter, shall be construed to include all joint stock companies or associations having any powers or privileges not possessed by individuals or partnerships.'' It appears plaintiff proceeded on the theory that defendant was a suable entity within the terms of Chapter 32 relating to private corporations. It is of course not claimed that defendant is a corporation proper, that is, an incorporated body, nor that it is a joint stock company. The defendant organization is clearly, as stated in plaintiff's petition and indisputably shown by the proof, a voluntary association but without stating how or wherein or the source of such powers the petition alleges in general language and by way of a legal conclusion that defendant possesses ''powers and privileges not possessed by individuals or partnerships.'' So far as appears defendant organization is ''purely a creature of convention, organized and existing under the common-law right of contract only. In the absence of a statute conferring upon it a power or privilege not possessed by individuals or partnerships, it has no such power or privilege; it cannot exalt itself by pulling on its own boot straps.'' [Newton County Farmers & Fruit-Growers Exchange v. Kansas City Southern Ry. Co., 326 Mo. 617, 31 S. W. (2d) 803.] Respondent does not point out the source of, or any statute conferring upon this defendant association, such a power or privilege and it does not appear upon the record before us that the association legally had such a power or privilege. ''The general rule is that an unincorporated voluntary association cannot, in the absence of statutory authority, sue or be sued as such.'' [Newton County Farmers & Fruit-Growers Exchange v. K. C. Southern Ry. Co., supra; Ruggles v. International Assn., etc., supra.] It is said in the Ruggles case: ''There is high authority both in the United States and in England for suing a labor organization, which is a voluntary association (but has certain statutory recognition), for wrongful acts of its officers or agents damaging the property of others in carrying out the purposes of the organization. [United Mine Workers of America v. Coronado

Coal Co., 259 U. S. 344, 42 Sup. Ct. 570, 66 L. Ed. 975, 27 A. L. R. 762 (where many authorities are collected in an annotation); Taff Vale Ry. Co. v. Amalgamated Society of Railway Servants, A. C. 426, 1 B. R. C. 832.] In those cases a great many facts about the activities, characteristics, organization, and action of the union, which was being sued, were shown. No such situation is presented here. This is a suit by a member of the association who claims he is being wrongfully deprived of the privileges of membership, evidently by the action of other members with whom he is associated through right of contract only.''

We deem it meet that we refer here to Clark v. Grand Lodge of Brotherhood of Railroad Trainmen, 328 Mo. 1084, 43 S. W. (2d) 404, and again point out, as was done in the Ruggles case, the distinction that arises. The defendant in that case was a voluntary and unincorporated association and labor union. It was a suit upon a life insurance policy issued by the defendant association and we ruled a demurrer to the petition. The petition stated facts showing that the organization was doing and carrying on an extensive life insurance business, as an insurance association, and alleged that after collecting large amounts of premiums thereon it had repudiated the life insurance policies sued upon and which it had issued. As stated the suit was based upon the insurance contract. In that case we held: ''That, when such an unincorporated association engages in this State and elsewhere in the business of insuring its members, to whom it issues insurance contracts and from whom it collects premiums, then such associations may be sued, in the courts of this State, in the name in which they contract and do business, on causes of action growing out of and based on such contracts.'' That decision was also placed on the ground of estoppel as applicable to the situation stated in the petition; that is that under the facts stated the defendant was estopped to deny that it was suable.

The present suit does not grow out of nor is it based upon a contract of insurance or any other contract. It arises out of and is predicated upon a controversy relating to and ''concerning the internal workings of a voluntary association and its authority over its members and subordinate bodies.'' While no demurrer to the petition was filed in the present case nor is the motion to quash the return which was filed sufficient to perform the office of a demurrer (see our discussion in the Ruggles case) nevertheless, as first stated, the question of whether the defendant is a suable entity was raised by the demurrers to the evidence. The demurrer to the evidence sufficiently calls for a ruling as to the law upon the admitted and uncontroverted facts set out in plaintiff's petition and established by the evidence and, as we have indicated, it appearing therefrom that respondent

1226

has not the legal capacity to be sued the demurrer to the evidence should have been sustained.

It follows that the judgment of the circuit court must be reversed. It is so ordered. *Sturgis* and *Hyde, CC.*, concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All the judges concur.