H. P. O'ROURKE et al., Respondents, v. KELLY THE PRINTER CORPORATION, Appellant.

St. Louis Court of Appeals. Argued and Submitted March 7, 1911. Opinion Filed March 21, 1911.

1. **VOLUNTARY ASSOCIATIONS: Partnership.** A voluntary unincorporated association not formed for commercial purposes may be a partnership, but such relation depends upon agreement between the members.

2. ——: **Interest of Member: Presumptions.** In the absence of proof to the contrary, the interest of each member of a voluntary unincorporated association, not formed for commercial purposes, in a contract made by the association is presumed to be equal to that of every other member.

3. ——: **Actions: Parties.** Every member of a voluntary association is a necessary party plaintiff, where they sue as joint contractors.

4. ——: ——: ——: **Death of Joint Party: Abatement and Revival.** Where members of a voluntary unincorporated association sue at law as joint contractors and one dies before judgment, the cause cannot be dismissed as to him and revived in the name of the others, without bringing in his legal representatives.

5. **APPELLATE PRACTICE: Voluntary Associations: Death of Member, Pending Appeal: Abatement and Revival.** A suit by members of a voluntary association will be continued in the names of the survivors, in the appellate court, where one of them dies pending an appeal by the defendant.

6. **CONTRACTS: Action for Breach: Legal or Equitable.** An action for breach of a contract to share in profits is not converted into a suit in equity by the fact that the determination of the damages may involve an examination into defendant's accounts.

7. **PARTNERSHIP:** Sharing in Profits, Not Liable for Losses. A contract by which a printer agreed to publish a pamphlet and pay to the other party one-half of the proceeds received for advertisements, but which did not make such other party liable for losses, is not a contract of partnership.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

REVERSED AND REMANDED.

*McShane & Goodwin* for appellant.

(1) Plaintiffs, G. D. Powers and Charles Ziegler, being dead at the time of trial and rendition of judgment, said judgment is void. Weller Mfg. Co. v. Eaton, 81 Mo. App. 657; Murphy v. Redmond, 46 Mo. 317; Railroad v. Woodson, 110 Mo. App. 208. (2) Mr. O'Malley, acting as counsel for the surviving plaintiffs, had no authority to dismiss the cause with reference to Powers and Ziegler, who were dead, and such act could not make valid a void judgment. McLaran v. Wilhelm, 50 Mo. App. 658. (3) There can be no recovery in the name of joint obligees unless all are made parties. McLaran v. Wilhelm, 50 Mo. App. 658; Culver v. Smith, 82 Mo. App. 390.

*Frank C. O'Malley* and *Charles W. Casey* for respondents.

(1) If the court allowed any such amendment as suggested by appellant in his brief, such action was not error. Secs. 1916, 2120, R. S. 1909; Cruchon v. Brown, 57 Mo. 39. (2) Members of an unincorporated association, in so far as their rights among themselves are involved, must be regarded as partners. Hammerstein v. Parsons, 38 Mo. App. 332. (3) Upon the death of one of the members of a partnership no revival is necessary in a pending suit by the firm. Mathney v. Gregg, 19 Mo. App. 111; Mereweather v. Quincy, Omaha

& K. C. R. Co., 128 Mo. App. l. c. 658. (4) In a suit by the members of a voluntary association it is not material that some of the named plaintiffs have died, since they may be disregarded as unnecessary parties. Lilly v. Tobbein, 103 Mo. 489. (5) If the representatives of said alleged plaintiffs ever had any interest in this cause, such interest is now lapsed and nothing would be gained by a reversal of this cause. Railroad v. Woodson, 110 Mo. App. 214; Farrel v. Brannan, 25 Mo. 93; Culver v. Smith, 82 Mo. App. 399.

REYNOLDS, P. J.—H. P. O'Rourke and seventy other individuals instituted action against defendant before a justice of the peace of the city of St. Louis, by their amended statement, or petition, as it is called, setting out that they are and were at all times in the statement mentioned, "The sole members of the Parochial School Athletic League of St. Louis, a voluntary, unincorporated society, organized for the purpose of promoting athletics among the students of the Parochial Schools of the city of St. Louis, and for holding of athletic meets and exhibitions." Averring that defendant is a corporation existing and organized under the laws of this state, plaintiffs aver that on a date named, they had entered into a verbal agreement with defendant whereby defendant promised and agreed and contracted to solicit and procure advertisements for and to print and furnish 1000 copies of the program of the fourth annual athletic meet of the school league, and that by the contract and agreement defendant was to retain as and for compensation one-half of the total amount collected for advertisements in the program and to pay the remaining half of the amount so collected over to plaintiffs. Averring performance on their part, they charge that defendant printed and furnished the number of programs contracted for and has collected from different parties for advertisements in the program the sum of $779.50, but has refused to pay over to plain-

tiffs one-half of that sum and for this they demand judgment. There was a trial before the court, a jury having been waived, and on the 7th of May, 1909, the court found for plaintiffs assessing the amount at the sum of $289.75, rendering judgment accordingly. Within due time defendant filed a motion for new trial, also filing affidavits to the effect that on the 5th of May, 1909, that is two days before this judgment was rendered, two of the plaintiffs, namely Charles Ziegler and G. D. Power, were dead and that the information as to the fact of death did not come to the knowledge of defendant until after the trial of the cause. There was no denial of these facts. Whereupon the court, on motion of plaintiffs' counsel, allowed plaintiffs to strike out the names of Messrs. Ziegler and Power as parties plaintiff and to dismiss the cause as to them and continued and revived it in the name of the other plaintiffs, defendant duly excepting to this action of the court. Thereupon afterwards the court overruled the motion for a new trial, likewise overruling the motion in arrest of judgment which had been duly filed, defendant saving exception. The motion for new trial, as well as the motion in arrest of judgment, assigned as error, among other grounds, the rendition of the verdict in the cause in favor of plaintiffs when it appeared that at the time of its rendition, Messrs. Ziegler and Power were dead, and that hence the verdict and judgment were void, the cause not having been revived in the name of their legal representatives. It was also assigned that for that reason the court was without jurisdiction to hear and determine the cause. Exceptions were duly saved to the action of the court in overruling each of these motions.

We are compelled to reverse this cause for this error in overruling these motions. There is nothing in this record beyond the averments in the amended statement as filed to show the relations between the plain-

tiffs. According to that statement, plaintiffs were joint contractors. It is true that a voluntary, unincorporated society, such as this is alleged to be, may be a partnership. But the relations of the members with each other depend on the agreement between them. We have no evidence before us in this record on that point and it is idle to speculate or determine a cause on a mere supposition of what would follow under one or the other state of facts. Taking the statement at its face, as we must do here, all these parties were members of this association or society, formed not for commercial purposes but for promotion of athletics—ordinarily not a partnership. [See 25 Am. and Eng. Ency. (2 Ed.), p. 1129, et seq.; Missouri Bottlers Ass'n v. Fennerty, 81 Mo. App. 525, l. c. 534.] Each and all of the members apparently have an interest in the account involved. If they were partners, the death of one of the partners, pending the action, would not necessarily abate it, the surviving partner or partners being free to prosecute the claim of the partnership as surviving partners. But we have no means of knowing whether this was a partnership. On the face of the statement, we might assume the interests of the plaintiff are joint, but whether joint or several does not appear by any testimony in the case; its tendency is to show a joint interest; each one being a member of the organization; the contract made by one for all. What interest each had in it may be equal or otherwise. In the absence of proof to the contrary, it is presumed to be equal. In either case every member is interested and a necessary party plaintiff. Hence also, the amendment, dismissing as to the two dead plaintiffs, without bringing in their representatives, should not have been allowed. [Slaughter v. Davenport, 151 Mo. 26, 51 S. W. 471, and cases there cited.] Counsel for respondents cite us to Hammerstein v. Parsons, 38 Mo. App. 332. The decision in that case, however, does not support them.

There it is held that members of an unincorporated association must be regarded as partners, so far as their rights among themselves are concerned. That is not this case. Here the question is as to their rights as against a third party, one not a member. Even as among or between themselves, we have no testimony in the case at bar by which we could determine that; much less any testimony which is of such a character as to determine their several rights as to a third, an outside, party.

These counsel also cite us to pages 489 of Lilly v. Tobbein, 103 Mo. 477, 15 S. W. 618, in support of their claim that in a suit by the members of a voluntary association, it is not material that some of the named plaintiffs had died, since, as counsel argue, they may be disregarded, as unnecessary parties. That is the rule in equity practice, but not at law. As we understand the decision in Lilly v. Tobbein, it is against the claim of counsel. It was a proceeding to contest a will and our Supreme Court there holds that while such a proceeding is a statutory one, and technically at law, in many of its aspect it partakes of a proceeding in chancery, and, quoting from Eddie v. Parke's Ex'r, 31 Mo. 513, the court says that "the rule recognized in courts of equity, with respect to the persons necessary to be made parties to a bill, we think, is to a great extent applicable to a case of this kind." Inferentially this means that if the case was to be treated as at law, the dismissal or dropping out of parties plaintiff having a joint interest, would have been error. Beyond doubt that is the rule in actions at law. This action is at law. The amendment by which parties plaintiff were dropped, was, in effect, the substitution of a new cause of action. [Slaughter v. Davenport, supra.]

A different rule prevails on appeal or writ of error —a rule however, prescribed by specific law. While this cause has been pending here on appeal, the death of M. J. Dempsey, another of the plaintiffs, has been suggested. That death occurring after the appeal, did not affect

the case on the appeal. The cause proceeds in this court at the suit of the surviving appellant or appellants or plaintiff or plaintiffs in error, notwithstanding the death of one of them. [Hunleth v. Leahy, 146 Mo. 408, l. c. 415, 48 S. W. 459, construing R. S. 1909, sec. 2075.] As it is to be remanded, however, the death of this party should also be borne in mind in further proceedings in the trial court.

If the case is further proceeded with, we hold that the point made by the learned counsel for appellant, that the action should be in equity, is untenable. It is an action on contract between two parties, that contract not one of partnership between plaintiffs and defendant; an action on a specific contract, in which is involved the determination, first, whether there was a contract; second, what that contract was; third, has there been a breach of it on the part of defendant; if so what damages, in any, have plaintiffs suffered for which defendant is liable. That the determination of the amount of damage may involve an examination into defendant's accounts in determining the correctness of his charges, if that should be done, and as to whether it should be done we express no opinion, does not, of itself, convert the action into one in equity, as for an accounting. Plaintiffs were not partners with defendant in the publication of the pamphlet. They were to share in the profits or proceeds, whether net or gross proceeds we do not now determine, but were in no manner liable for losses. We are not passing on the merits of the case on the evidence as to the contract, nor on any other feature of the case than herein expressly indicated, leaving all others open primarily to the further determination of the trial court, should a new trial be had.

The judgment of the circuit court is reversed and the cause remanded. *Nortoni* and *Caulfield, JJ.,* concur.